IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TONY DARRYL COLLIER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-193 |
| | ) | |
| SHERIFF EUGENE BRANTLEY; | ) | |
| CAPT. DANIELS; CAPT. HARRELL; and | ) | |
| CAPT. DANKO, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     Screening the Complaint**

    **A.     Background**

Plaintiff names the following four supervisory Defendants at the Jail: (1) Sheriff Eugene Brantley; (2) Captain Daniels; (3) Captain Harrell; and (4) Captain Danko. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has "informed this facility" there is an abundance of black mold in and around the air vents at the Jail, but "nothing has been done." (Id. at 5.) Plaintiff has been having severe upper respiratory issues and "coughing up an unknown black substance" for an undisclosed amount of time. On an unspecified date, sometime after May 29, 2025, Plaintiff "brought to the attention" of all four Defendants the presence of black mold and unidentified people getting sick, but Defendants have done nothing to fix the problem. (Id.) Plaintiff seeks $15,000,000 in damages, as well as injunctive and declaratory relief. (Id. at 6.)

**B.  Discussion**

**1.  Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.   Plaintiff Fails to State a Conditions of Confinement Claim

Plaintiff's claims against Defendants based on the allegations of exposure to black mold on the air vents at the Jail fail. The Court conducts its review under the Eighth Amendment, which requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety.[1] Farmer v. Brennan, 511 U.S. 825, 832 (1994).

---

[1] The minimum standard of care under the due process clause of the Fourteenth Amendment is co-extensive with the Eighth Amendment's prohibition on cruel and unusual punishment against convicted prisoners, and "decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees when it comes to [c]laims involving mistreatment of arrestees or pretrial detainees in custody." Ireland v. Prummell, 53 F.4th 1274, 1287 & n.4 (11th Cir. 2022) (internal quotation marks and citations omitted).

Challenges to conditions of confinement under the Eighth Amendment are subject to a two-part analysis. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)  First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id.  The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*).  "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289.  "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013).  The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.  There must be an allegation a defendant acted with "subjective recklessness as used in the criminal law" by showing a defendant was "actually, subjectively aware his own conduct caused a substantial risk of serious harm to the plaintiff," but even if he knew of that substantial risk, he is not liable under the Eighth Amendment "if he responded reasonably to the risk." Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (citing Farmer, 511 U.S. at 839, 844-45).

4

Here, Plaintiff does not allege adequate facts to establish either element. First, Plaintiff provides no details about the extent of the black mold present or his level of exposure beyond the conclusory statement that there is an "overwhelming abundance of black mold in and around the air vents." Plaintiff does not provide any details about the location of the vents in the Jail in relation to his living quarters or otherwise explain how much time he spends in the location where the allegedly contaminated air vents are located. The bare bones allegation of black mold on non-specific air vents, in unidentified locations in the Jail, does not rise to the level of an "unreasonable risk of serious damage to his future health or safety" because Plaintiff alleges no information beyond the general allegation of "severe" respiratory issues to suggest this limited exposure constitutes an "extreme" risk. Chandler, 379 F.3d at 1289. Moreover, Plaintiff does not allege any Defendant had any subjective knowledge about the Jail housing to which Plaintiff was assigned, much less any knowledge that Plaintiff's assignment, or a location where Plaintiff spends his time in a location with black mold would result in a substantial risk of harm to Plaintiff. Wade, 106 F.4th at 1262. Because he does not establish either element, Plaintiff fails to state a valid claim based on conditions of confinement.

Moreover, even if Plaintiff had provided additional factual details about his exposure to black mold, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer

5

which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold any Defendant in a supervisory position liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Nowhere does Plaintiff allege Defendants Brantley, Daniels, Harrell, and Danko were present during the unidentified times of his exposure to the mold, or knew about his resultant respiratory problems, let alone that any of them were specifically responsible for identifying and ameliorating any such problems.

Absent the allegation of direct involvement, Plaintiff must allege a causal connection between these four Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the

supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

      Plaintiff fails to allege facts sufficient to support the necessary causal connection.  First, as discussed above, there is no actionable, underlying constitutional violation regarding Plaintiff's conditions of confinement and thus no basis for *respondeat superior* liability on any such claim. See Dang v. Sheriff, Seminole Cnty., Fla., 871 F.3d 1272, 1283 (11th Cir. 2017).  Second, nothing in the complaint indicates these four Defendants were responsible for a policy or custom resulting in a violation of Plaintiff's rights or knew about a history of widespread abuse regarding exposure to any level of black mold, let alone such a level of exposure that would cause Plaintiff's respiratory issues.  At best, Plaintiff alleges he informed these Defendants in some non-specific way that there was an abundance of black mold somewhere in the Jail and that "people" are getting sick. (Doc. no. 1, p. 5.)  Indeed, Plaintiff does not even allege he informed any Defendant that he was one of the sick people.  Any implicit suggestion that these Defendants allowed or otherwise tacitly authorized customs or policies allowing constitutionally prohibited exposure to black mold is insufficient because he offers no facts to support this conclusory assertion.  See Anderson v. Hall, Civ. Act. No. 5:19-cv-6, 2020 WL 2896682, at *2 (S.D. Ga. May 29, 2020) (dismissing claim for liability of supervisory prison officials where no facts alleged in support of causal connection allegations), *adopted by*, 2020 WL 3406329 (S.D. Ga. June 19, 2020).  Nor does Plaintiff allege any facts to show these supervisory Defendants either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner.

In sum, Plaintiff has not alleged a viable conditions of confinement claim.

## II.     Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of December, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA